# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| NICHOLAS C. HINDMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:17-cv-00323-JMS-MJD |
| | ) | |
| MARK S INCH, Director of the Federal Bureau of | ) | |
| Prisons, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Motion for Summary Judgment**
**And Directing Entry of Final Judgment**

Plaintiff Nicolas C. Hindman is an inmate confined at the Federal Prison Camp (FPC) in Terre Haute, Indiana. Mr. Hindman has been housed at FPC Terre Haute since May 5, 2017. He is serving a 15-month term of imprisonment for Wire Fraud and Unlawful Financial Transactions. The BOP's website reflects that his release date is June 5, 2018.

He brings this action pursuant to the Administrative Procedures Act (APA), 5 U.S.C. §§ 702, 706. Mr. Hindman alleges that defendant Mark S. Inch, Director of the Federal Bureau of Prisons, in his official capacity, hereinafter "BOP", has denied Mr. Hindman placement in a halfway house, home confinement, or Residential Reentry Center (RRC), 18 U.S.C. § 3621(b), and that the BOP abused its discretion in applying 18 U.S.C. § 3624(c) (the "Second Chance Act"). The Second Chance Act enlarges the maximum time a prisoner may spend in a halfway house from six months to twelve months. It also gives the BOP authority to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

Mr. Hindman seeks injunctive relief, specifically placement in a halfway house for 12 months and home confinement for 6 months.

The BOP argues that it is entitled to summary judgment because Mr. Hindman failed to exhaust his administrative remedies with respect to the claim contained in the Complaint, and because 18 U.S.C. § 3625 precludes review of Bureau of Prisons' decisions regarding placement under the APA.

For the reasons explained below, the BOP's motion for summary judgment, dkt [15], is **granted.** Disputes of material fact remain on exhaustion. Even so, there is no basis for relief under the APA, so the BOP is entitled to judgment as a matter of law.

## I. Standard of Review

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II. Exhaustion of Administrative Remedies

The BOP argues that it is entitled to judgment as a matter of law because Mr. Hindman did not exhaust his available administrative remedies prior to filing this action. The Prison Litigation

Reform Act requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). It is the defendant's burden to establish that the administrative process was available to the plaintiff. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it.").

The BOP submitted a declaration which reflects that Mr. Hindman had not filed an administrative remedy request related to any issue raised in the Complaint and had not filed any formal administrative remedy request since he began his term of incarceration. In response, Mr. Hindman argued that Case Manager Shoemaker told him that he should not and could not file an appeal through the grievance process. Under these circumstances, there is a material fact in dispute regarding whether the grievance process was available to Mr. Hindman prior to filing this action. In *Ross v. Blake*, 136 S.Ct. 1850 (2016), the Supreme Court explained that an administrative procedure is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60. Whether Case Manager Shoemaker thwarted Mr. Hindman's efforts to utilize the grievance process or whether that process was available to Mr. Hindman is in dispute. Resolution of this issue would necessitate a hearing and for this reason the United States' motion for summary judgment on the affirmative defense of exhaustion is denied. For the reasons that

follow, even if Mr. Hindman had exhausted his administrative remedies prior to filing this civil action he would not be entitled to relief.

### III. Mr. Hindman's Supplemental Information

Mr. Hindman's supplement filed on March 6, 2018, states that he has now exhausted his administrative remedies. He explains that he "now finds himself with a projected date of April 18, 2018, for release to halfway house and home confinement." Dkt. 20 at p. 2. In response to one of Mr. Hindman's grievance appeals, the Warden explained:

> This is in response to your Administrative Remedy receipted December 12, 2017, in which you allege you were denied more community confinement by your case manager. For relief, you request the maximum time allowed in community confinement under the Second Chance Act.
>
> All inmates are considered for RRC placement under the Second Chance Act of 2007. Determination is made considering the following five-factor criteria from 18 U.S.C. 3621(b): (1) The resources of the facility contemplated; (2) The nature and circumstances of the offense; (3) The history and characteristics of the prisoner; (4) Any statement by the court that imposed the sentence: (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate; and (5) Any pertinent policy statement issued by the U.S. Sentencing Commission. A review of your request reveals a preliminary assessment of your release needs indicates Unit Team recommended up to forty-five days Direct Home Confinement, which the Residential Reentry Manager agreed.

Dkt. 20 at p. 8.

When this action began, Mr. Hindman's Complaint was understood to be brought under the APA to challenge the BOP's regulations that guide its decision making. The supplement reflects that Mr. Hindman is also attempting to challenge the BOP's application of 18 U.S.C. § 3621(b).

For the reasons explained below, whether Mr. Hindman challenges the rules that affect his placement in community confinement or the BOP's decision as applied to him, he is not entitled to relief in this action.

## IV. Administrative Procedures Act

Mr. Hindman argues that the BOP has denied him placement in a halfway house and home confinement even though he is entitled to such placement under the Second Chance Act, 18 U.S.C. §§ 3621(b), 3624(c). Mr. Hindman takes particular issue with the categorical determinations provided for in 28 C.F.R § 570.21, arguing that every court of appeal that has considered this regulation's validity has rejected it. Mr. Hindman argues that he is entitled to an individualized determination in accordance with 18 U.S.C. § 3621, but has been denied that determination by 28 C.F.R. § 570.21.

The BOP argues that this case should be dismissed because Mr. Hindman is asking this Court to review the BOP's placement decision. Under the APA, "a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action, within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. The APA does not apply, however, when a statute precludes judicial review. 5 U.S.C. § 701(a)(1). That is the case here. Title 18 U.S.C. § 3625 prohibits this Court from reviewing where the BOP has placed Mr. Hindman under the Second Chance Act. "A placement decision itself is not open to challenge under the APA." *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004).

To the extent, Mr. Hindman argues that he is not contesting his current placement, but only the rules that were used to decide where he should serve the last few months of his sentence, he is also not entitled to relief. Title 18 U.S.C.A. § 3624(c) provides for prerelease custody:

(1) In general.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

(2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

Mr. Hindman believes he should have been permitted to serve 12 months (of his 15 month sentence) in a community correctional facility and home confinement for an additional six months. He appears to argue that instead of allowing the BOP to assign him the maximum time to which he could be permitted in a community corrections facility or home confinement, "the Department of Justice has decided not to exercise in prisoners' favor whatever dispensing power it possesses" and instead promulgated 28 C.F.R. § 570.21. *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004). Mr. Hindman argues that this regulation has been rejected by nearly every Court that has considered it.

28 C.F.R. § 570.21 (effective October 21, 2008), states in relevant part:

(a) Community confinement. Inmates may be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months.

(b) Home detention. Inmates may be designated to home detention as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed the shorter of ten percent of the inmate's term of imprisonment or six months.

These regulations directly mirror the statutory authority.

The flaw in Mr. Hindman's argument is that this regulation was amended in October of 2008. This Court is not aware of any court that has found this provision to be invalid after it was

amended in October of 2008. The cases cited by Mr. Hindman all involve the regulation's prior language. *Rodriguez v. Smith*, 541 F.3d 1180, 1181 (9th Cir. 2008) (concluding that "the BOP's categorical exercise of discretion as promulgated in 28 C.F.R §§ 570.20 and 570.21 violates Congress's intention regarding the statutory inmate placement and transfer considerations the BOP must undertake. . . ."; *Richmond v. Scibana*, 387 F.3d 602, 605 (7th Cir. 2004) (discussing prior version of 28 C.F.R. 570.21).

Mr. Hindman's arguments contesting the rules that were used to decide where he should be placed during the last few months of his prison sentence are not based on current regulations and thus he is not entitled to relief. Further he cannot challenge the BOP's placement decision under the APA. Accordingly, the BOP is entitled to judgement as a matter of law.

### V. Conclusion

The BOP's motion for summary judgment, dkt [15], is **granted.** Mr. Hindman is not entitled to any relief in this action.

**IT IS SO ORDERED.**

Date: 3/22/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

NICHOLAS C. HINDMAN
13669-089
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Jill Z. Julian
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
jill.julian@usdoj.gov